I am satisfied, therefore, that this court has jurisdiction to hear and decide this motion, and also the case out of which it has arisen.

The next ground taken in resisting the motion is, that the demand in this suit is not one in respect to which, according to the usage and practice of the court, a writ of the kind in question will be granted. The demand must be an equitable debt or pecuniary claim, and be certain, or capable of being reduced to certainty. A general unliquidated demand, or one in the nature of a claim for damages, which cannot be regarded as a debt until the decree, will not lay a foundation for the writ. In the case of Flack v. Holm, 1 Jac. & W. 404, where goods had been consigned for sale, and the bill, among other things, claimed a recovery for fraudulently delaying the sale of the goods, whereby a loss accrued, and a motion for a ne exeat was made, and bail marked at £3,600, Lord Eldon observed: "My difficulty is whether that is not too large a sum. The writ only goes where the debt is sworn to. If damages only are to be recovered at law or in equity, that will not do. You cannot have it for any loss which may have accrued by keeping these goods out of the market." Again, he remarked, that the writ "is only applied to that which is really a debt, and not to that which may become a debt, when a recovery in damages shall have ascertained what is due." Now, within this principle, I am of opinion, that the present case is one in which it would not be proper to grant the writ. I can see no debt or pecuniary demand set up against the defendant. The foundation of the bill is that he has got possession of the ships under a contract void on the ground of usury, and that, under the law of New York, which, I admit, must govern, the plaintiff is entitled to set this contract aside, and to have a return of the property, or in lieu thereof, damages to the extent of its value. The plaintiff also claims an account of the earnings of the vessels; but this is simply a mode of arriving at the damages sustained from the wrongful possession and detention of them. The claim is, in substance, that the defendant is a wrongdoer, in taking the property and converting it to his own use. There is no debt or duty set forth in the bill but that which exists in every case of a wrongful conversion of another man's property. This is not a debt, or duty, or pecuniary demand, within the meaning of the rule. One arising upon contract, express or implied, between the parties, is, I think, essential to lay a foundation for the proceeding. I agree that a case is made out which would justify this somewhat extreme remedy, if the nature of the demand in controversy were such as warranted its application. But as, in my judgment, it is not, the motion must be denied.

[NOTE. The original proceeding in this case was by bill in equity heard before Nelson, Circuit Justice, in which relief was decreed the complainant in the sum of $200,000, with interest. Case No. 5,675.

[An action of trover was also begun against the copartner, Meyer, in which the court (Ingersoll, District Judge) discharged the defendant upon common bail, but, as he was not a party to the suit in equity, refused to order the plaintiff to elect as to which action he should prosecute. Case No. 5,673.]

GRAHAM (UNITED STATES v.). See Case No. 15,246.

GRAHAM (WILSON v.). See Case No. 17,804.

GRAHAM v. WOODWARD. See Case No. 5,253.

## Case No. 5,678.

### GRAHAME v. COOKE.

[1 Cranch, C. C. 116.] [1]

Circuit Court, District of Columbia. March Term, 1803. [2]

OYER—PLEADING.

After plea of condition performed, replication, rejoinder, and special demurrer to the rejoinder, the defendant is not entitled to oyer of the plaintiff's letters of administration, nor to plead that the plaintiff is not administrator.

Debt on bond [by Grahame's administrator] with collateral condition. After plea of condition performed, and replication, rejoinder, and special demurrer to the rejoinder, Mr. Simms, for the defendant, prayed oyer of the plaintiff's letters of administration.

E. J. Lee, contrá, cited 4 Bac. Abr. 113, 114, tit. "Pleas and Pleadings," I. 12, 2; 5 Com. Dig. 478, 479,—that oyer cannot be demanded, after plea, nor after imparlance. And Roberts v. Arthur, 2 Salk. 497,—that upon the profert of a deed, it remains in court all that term, but no longer, unless it be controverted; but letters testamentary, or of administration, do not remain in court, for the party may have occasion to produce them elsewhere. 36 Hen. VI. 30. THE COURT refused to grant oyer.

Mr. Simms, for the defendant, then asked leave to file a plea in bar that the plaintiff was not administrator, which THE COURT also refused.

[NOTE. This case was appealed to the supreme court, and reported in 3 Cranch (7 U. S.) 229, where the proceedings are given at length. There is no mention of oyer of letters testamentary, or of the plea in bar, but the decision of the lower court was reversed, and judgment entered for the defendant upon the demurrer in a brief opinion by Marshall, Chief Justice, to the following point: The suit was an action of debt upon a bond stated, in the declaration, to be dated October 3, 1799, but which, upon oyer being demanded, appeared to be dated January 3, 1799. It was held that this variance, even at this early stage, was fatal to the plaintiff's case; hence the reversal.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in 3 Cranch (7 U. S.) 229.]